### SAMUEL BAILEY *vs.* MARCUS E. CAPELLE.

By consignment the property passes to consignee.
Bill of lading proof of property.
The sheriff is a trespasser if he seize the property of A on attachment against B.
A sale under such attachment no evidence of value in an action against the sheriff.
Sheriff's return prima facie evidence.
A witness having an equal interest in either event of a suit, is competent.
Consignor competent to prove property in consignee when he has no disqualifying interest
Interest on damages is discretionary with the jury.

TRESPASS. Narr. Pleas, not guilty, and justification under process of attachment from the superior court.

This was an action of trespass against the sheriff for seizing two cargoes of Indian corn claimed to be the property of the plff. It appeared on the evidence that the corn in question was purchased in April, 1833, in the city of Baltimore, from Tyson & Norris, commission merchants of that city, and forwarded to the plff. at Newport, in this state, by the sloop Moderator and schooner Gazelle. One, perhaps both, of the cargoes were specially ordered by Bailey; both were consigned to him, and bills of lading regularly made out and forwarded; but before the corn arrived at Newport it was seized by the deft. on attachment process against Tyson & Norris. It further appeared that this corn was purchased by Tyson & Norris of Joynes, Bain & Joynes, and of Jenkins & Jenkins, through their brokers, Dorman & Ames, on the 23d of April, 1833. It was immediately shipped and forwarded to plff. The sale was for cash: Dorman & Ames received $750 in cash and a check for $850. The

next day Tyson & Norris failed, and the check was dishonored. Dorman & Ames, having ascertained where the corn was sent, came on to this state and sued out attachments in the name of Joynes, Bain & Joynes, and of Jenkins & Jenkins, against Tyson & Norris, upon which attachments the sheriff seized the corn on its passage up the Christiana river, and before it reached the plff. Being perishable property, it was sold under an order of court made at the May term. 1833.

*Mr. Rogers,* for deft. was about to read the return on this order, which was objected to.

*Mr. Bayard.* The return of a sheriff is evidence between third persons, but not for himself. He cannot make evidence for himself. It is, moreover, irrelevant. If the attachment is a sufficient justification, the value of the goods is of no consequence; if not, the sale is the act of a trespasser, which can afford no measure of value in an action against him for the trespass.

*Rogers.* The sale was made under an order of court, and was an official act of the deft. as sheriff. Even if he was a trespasser in seizing the goods, he was not so in making the sale. It was made as a public officer by virtue of lawful authority, and is a proper measure of value.

The *court* inclined to the opinion that the return of a sheriff is prima facie evidence of the facts properly stated in it, even in a suit against himself; *(Roscoe on Ev.* 305;) but as a measure of value it cannot apply here, for if the sheriff was a trespasser, the seizure, and not the sale, was the trespass, and the value of the property at the time and place of seizure would be the measure of damages, and not its value at the time and place of sale. The return only professes to show the latter.

The deposition of Lloyd Norris, of the firm of Tyson & Norris, was offered by the plff. to prove that the corn was purchased on commission for Bailey, in pursuance of orders received from him. Objected to.

*Rogers.* The witness is interested in establishing a sale to Bailey and to defeat the attachments.

*Latimer.* He is not interested in the event of the suit. The objection goes only to his credit, and not to his competency. The verdict could not be given in evidence either for or against him in any other action. He is not bound even for costs.

*Rogers.* Suppose a recovery in this action. Tyson and Norris will be entitled to demand and receive of the plff. the price of the corn. If there should be no recovery, Bailey will not be liable to them, for the attachment will be a sufficient defence to any suit against him.

The *Court* said the interest of the witness was equal both ways. If the plff. recovers, the price of the corn will go to the assignees of Tyson and Norris; if he fails, it will go to their attaching creditors; either way it is applied to the payment of their debts; and they have no disqualifying interest, though they may have a bias or feeling as to which of the creditors shall be benefitted by it.

It was insisted on the part of the plff. that a delivery to a common carrier or master of a vessel was a delivery to the consignee, subject only to the right of stoppage in transitu where that right could be properly exercised: that a general consignment of property vests the property in the consignee: that it made no difference whether the property was paid for or not. 1 *Ld. Raymd.* 271; 3 *Bos. & Pul.* 584; 1 *Johns. Rep.* 15; 3 *P. Wm.'s.* 185. Plff. claimed damages to the value of the corn and interest, costs and expenses in prosecuting his suit, and also special damage for the stopping of his mill in consequence of having a supply of grain cut off by these attachments. [*Note.* This special damage was laid in the narr.]

On the part of the deft. it was contended that the bill of lading, though prima facie, was not conclusive evidence of property in the consignee: (5 *Com. Law Rep.* 283; *Sergeant* vs. *Morris;* 3 *Stark.* 1620; 1 *Camp.* 85;) that it appeared to have been Bailey's understanding that he was to pay for the grain only on delivery; and that he had in fact ordered but one of the cargoes to be sent on to him.

*Harrington, Justice,* charged the jury: That the question for them to consider was, whether these two cargoes of corn were, at the time of the seizure, the property of Samuel Bailey, the consignee, or of Tyson & Norris: that they need not regard the transaction as between Tyson & Norris and Joynes, Bain and Joynes and the other attaching creditors. If these delivered their grain to Tyson & Norris on a cash sale without receiving the money, they enabled them to transfer the property to another in any bona fide transaction, and the present question was, whether it had been so transferred before attachment. That the consignment, if fairly and regularly made, passed the property to the consignee, and it could not afterwards be lawfully seized as the property of the consigners. That it did not alter the case though the corn had not been paid for, or had not been specially ordered. It was the habit of plff. to receive large shipments of grain from these commission merchants, and though only one of these cargoes may have been specially ordered, about which there was some doubt, if he chooses to accept the consignment, the property is his and he will be liable for the value to the consignors or their assignees. That the damage was the value of the grain at the time and place of seizure, deducting freight; and any special damage proved on account of the plff.'s mill being stopped by the seizure. It is in the discretion or the jury to give or withhold interest.

Verdict for plff. $2,648 13.

*Latimer* and *J. A. Bayard,* for plaintiff.
*Rogers,* for defendant.